# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-357-RJC-DCK

| | |
|---|---|
| BERNARD SCHULZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| CHARLOTTE BUREAU OF | ) |
| INVESTIGATION; MECKLENBURG | ) |
| POLICE DEPARTMENT; WAXHAW | ) |
| POLICE DEPARTMENT; CHARLOTTE | ) |
| MEN'S HOMELESS SHELTER; CMC | ) |
| RANDOLPH and UNION COUNTY JAIL, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the Federal Bureau of Investigation's "Motion To Dismiss" (Document No. 3); the Charlotte Mecklenburg Police Department and the City of Charlotte's "Motion To Dismiss" (Document No. 5); "Defendant CMC Randolph's Motion To Dismiss Plaintiff's Complaint" (Document No. 10); the Town of Waxhaw's "Motion To Dismiss" (Document No. 12); and the "Motion To Dismiss By 'Union County Jail'" (Document No. 16). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

*Pro se* Plaintiff Bernard Schulz ("Plaintiff" or "Schulz") initiated this action with the filing of a "Civil Summons" and a "Complaint" on or about August 3, 2015, in the Superior Court of

Mecklenburg County, North Carolina. (Document No. 1-1). Plaintiff's "Complaint" contains a series of rambling allegations that are difficult to comprehend. (Document No. 1-1). Generally, Plaintiff seems to assert that he has been assaulted, harassed, and/or discriminated against due to his sexual orientation, which he identifies as heterosexual. See (Document No. 1-1, pp. 3, 6, and 9).

Plaintiff also suggests that there is a conspiracy against him that involves the named Defendants and/or other individuals, and a "homosexual crime outlet" or "homosexual cult." (Document No. 1-1, pp.5-6, and 8-9). Plaintiff contends he has been persecuted because he has declined to participate in "a homosexual cult outlet of embezzlement, life insurance fraud, social security fraud, Identity theft, and other types of fraud, including governmental corruption." (Document No. 1-1, p.9).

Defendant Federal Bureau of Investigation filed a "Notice Of Removal" to this Court pursuant to 28 U.S.C. §§ 1442 and 1446 on August 6, 2015. (Document No. 1).

Defendant Federal Bureau of Investigation ("FBI") filed its "Motion To Dismiss" (Document No. 3) on August 12, 2015; Defendant Charlotte Mecklenburg Police Department ("CMPD") and the City of Charlotte ("City") filed their "Motion To Dismiss" (Document No. 5) on September 8, 2015; Defendant CMC Randolph ("CMC Randolph") filed its "…Motion To Dismiss Plaintiff's Complaint" (Document No. 10) on October 7, 2015; Defendant Town of Waxhaw ("Waxhaw") filed its "Motion To Dismiss" (Document No. 12) on October 7, 2015; and Defendant Union County Jail ("Union County Jail") filed its "Motion To Dismiss…" (Document No. 16) on October 9, 2015.

The undersigned *sua sponte* issued multiple Roseboro Notices advising Plaintiff that he had a right to respond to the pending motions to dismiss on or before October 26, 2015, and that

2

"[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." See (Document Nos. 4, 6, 8, 13, 14, and 18). To date, Plaintiff has failed to respond to any of the motions, despite repeated attempts by Defendants and the Court to serve him at two possible locations. See (Document No. 19). In fact, Plaintiff has failed to make *any* appearance in this case.

The pending motions are now ripe for review and a recommendarion to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only

> "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

All of the pending motions seek dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Document Nos. 3, 5, 10, 12, and 16). Some of the motions also cite Rules 12(b)(1), (2), (4) and/or (5). Id. The undersigned finds the motions to be persuasive. In particular, the undersigned finds that it is difficult, if not impossible, to determine what claims Plaintiff is actually asserting, and against whom. Even liberally construed, the Complaint does not appear to assert plausible claims.

In addition, the undersigned finds that Plaintiff's complete failure to participate in this lawsuit, despite repeated Roseboro Notices warning him that failure to file timely and persuasive responses would likely lead to dismissal, warrants dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). See Steed v. Morton et al., 2007 WL 3306779 (D.S.C. Nov. 6, 2007) (Plaintiff's complaint dismissed after failing to respond to four (4) motions to dismiss, even though he received three (3) *Roseboro Orders*); see also Gatewood v. Mitchell, 3:10-CV-273-RJC-DCK, 2010 WL 4226175 and 2010 WL 4225904 (W.D.N.C. Sept. 28, 2010) adopted by 2010 WL

4225848 (W.D.N.C. Oct. 20, 2010); Watkins v. Gaston County, et al, 3:12-CV-033-RJC-DCK, 2012 WL 5872751 (W.D.N.C. July 10, 2012); and Foster v. US Airways, Inc., 3:15-CV-128-RJC-DSC, 2015 WL 4756411 (W.D.N.C. June 22, 2015).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Federal Bureau of Investigation's "Motion To Dismiss" (Document No. 3); the Charlotte Mecklenburg Police Department and the City of Charlotte's "Motion To Dismiss" (Document No. 5); "Defendant CMC Randolph's Motion To Dismiss Plaintiff's Complaint" (Document No. 10); the Town of Waxhaw's "Motion To Dismiss" (Document No. 12); and the "Motion To Dismiss By 'Union County Jail'" (Document No. 16) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 28, 2015

David C. Keesler
United States Magistrate Judge